## The Gramatan National Bank and Trust Company v. McCloskey et al.

*Wexler and Weisman,* for plaintiff.
*Alexander S. Segal,* for defendants.

LEVINTHAL, J., June 5, 1951.—Judgment was entered by confession against defendants on a note signed by them in the face amount of $6,362.18, payable to the United States Home Improvement Co. in 84 monthly installments of $75.74 each, beginning May 1, 1948. The note, dated March 1, 1948, was pur-

chased by plaintiff bank on March 2, 1948. Defendants made only the first three installment payments and thereafter defaulted. Judgment was entered by plaintiff bank on October 21, 1948, and damages were assessed in the total amount of $7,135.49.

The petition to open judgment alleges fraud on the part of the United States Home Improvement Co., in the procurement of defendants' signatures to the note and also failure of consideration.

It is clear from a reading of the depositions that plaintiff bank is the holder in due course of the note and that therefore it is unaffected by the defenses alleged against the payee. The rule to open judgment must therefore be discharged.

It appears, however, that although the face amount of the note is $6,362.18, the sum actually loaned to defendants was $5,000, and the additional sum of $1,362.18 apparently represents the interest that would become payable during the period of seven years when the monthly installments were to be paid. In the assessment of damages not only was judgment entered upon the face amount of the note, less the three payments on account, but additional interest was charged from August 1, 1948, amounting to $61.34. Moreover, so-called "late charges", amounting to $18.95 were added. These charges are obviously excessive.

The assessment of damages also includes an item of $920.24 as "15% attorney's commission". Although the note provides for such an attorney's fee, we are of the opinion that it is exorbitant. A collection fee of 10 percent is the maximum allowable under the circumstances in this case.

On our own motion, therefore, we order and direct that the assessment of damages be stricken from the record and that plaintiff file an assessment of dam-

ages calculated on the basis of the original debt of $5,000, giving credit for the payments received on account, and charging no more than six percent interest on the unpaid balances, together with an attorney's fee not to exceed 10 percent.